**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



FEB 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30263 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-05512-BHS-2 |
| v. | |
| KYLE ANDREW EVERHART, | MEMORANDUM<sup>*</sup> |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted February 5, 2016<sup>**</sup>
Seattle, Washington

Before: O'SCANNLAIN and GOULD, Circuit Judges and BURNS,<sup>***</sup> District
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Larry A. Burns, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

Defendant Kyle Everhart asks this Court to reverse his conviction for possession of methamphetamine with intent to distribute. The facts of this case are known to the parties, and we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291.

I

Everhart argues that his statements at the FBI office should have been suppressed because they were "tainted" by a *Miranda* violation supposedly occurring at the hotel, and because he allegedly requested an attorney after his arrest. But Everhart's statements made in the hotel were spontaneous, not the product of interrogation. *See Miranda v. Arizona*, 384 U.S. 436, 478 (1966). Documentary evidence also definitively establishes that Everhart did not ask for an attorney after being advised of his *Miranda* rights. And even if Everhart had requested an attorney, he later reinitiated conversation with law enforcement by affirmatively requesting an interview. *See Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981). The statements were rightly admitted.

II

Everhart next claims the physical evidence in the hotel room was illegally obtained. We disagree. Although the exigency of the protective sweep had ended, the officers had a lawful right to be in the room because Everhart's girlfriend

2

invited them to stay. *See Illinois v. Rodriguez*, 497 U.S. 177, 186–88 (1990). As a result, the evidence was validly seized under the plain view doctrine. *See Horton v. California*, 496 U.S. 128, 136 (1990).

**AFFIRMED.**